Filed 10/8/13  In re S.J. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re S.J., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D063919 |
| Plaintiff and Respondent, | (Super. Ct. No. J518169) |
| v. | |
| ALICE Z., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David B. Oberholtzer, Judge.  Affirmed.

Dunne & Dunne and Anthony J. Dunne for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Paula J. Roach, Deputy County Counsel, for Plaintiff and Respondent.

Lelah S. Fisher, under appointment by the Court of Appeal, for Minor.

Alice Z. appeals from an order of the juvenile court dismissing, without an evidentiary hearing, her petition under Welfare and Institutions Code section 388[1] to

---

[1]    All further statutory references are to the Welfare and Institutions Code.

have her granddaughter, S.J., placed with her for adoption. Alice contends that the juvenile court abused its discretion in not setting a hearing because the petition made a prima facie showing for the issuance of relief. We disagree and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

At her birth in July 2011, S.J. tested positive for amphetamine/methamphetamine, and her mother admitted to having used methamphetamine and marijuana and to having had little prenatal care during pregnancy. S.J. was placed on a hospital hold and, shortly thereafter, her mother was arrested and incarcerated for vehicle theft. S.J.'s father was previously incarcerated and serving a two-and-one-half-year sentence for robbery. At the time, S.J.'s two-year-old sister, Elena Z., was living with her maternal grandparents, Alice Z. and Michael Z., under a legal guardianship plan.

In July 2011, the San Diego County Health and Human Services Agency (the Agency) filed a dependency petition under section 300, subdivision (b) on S.J.'s behalf. The Agency considered placing S.J. with Alice and Michael, in accordance with S.J.'s mother's wishes, and the court authorized the placement. However, Alice and Michael declined, indicating that they would be unable to care for both S.J. and Elena in their home, so S.J. was placed in foster care. At the jurisdictional hearing in September 2011, the court declared S.J. to be a dependent and continued her placement in foster care, with reunification services for her mother.

In May 2012, the mother decided to relinquish her parental rights to S.J., recognizing that S.J. was doing well with her foster parents. In August 2012, the court terminated reunification services and set a section 366.26 permanency planning hearing. Alice and Michael reaffirmed that they could not have S.J. placed with them.

In February 2013, while the section 366.26 hearing was still pending, S.J.'s foster parents successfully applied for de facto parent status and expressed their desire to adopt her. Thereafter, the Agency issued a recommendation that the court adopt a permanent plan of adoption for S.J.

On February 22, 2013, Alice filed a section 388 petition requesting that the court place S.J. with her and allow her to begin adoption proceedings. Alice's petition indicated that the mother's failed reunification with S.J. and Elena's placement with her constituted changed circumstances and that it was in S.J.'s best interests to be raised with her sister. Judge Cynthia Bashant signed the order setting a hearing on the petition for the same date as the section 366.26 hearing.

At the hearing, Judge David Oberholtzer indicated his intent to conduct an evidentiary hearing, but county counsel argued that Judge Bashant had not found a prima facie showing of changed circumstances and that the court should make a determination on that issue before conducting an evidentiary hearing. Minor's counsel also requested to be heard on the prima facie issue. After inquiring whether there was any objection to putting over the evidentiary hearing and receiving none, the court heard argument on whether the section 388 petition made a prima facie showing for relief.

County counsel argued that there were no changed circumstances, as the mother's reunification efforts had been terminated in August of 2012 and Alice had had Elena in her care throughout the pendency of the juvenile proceedings, and that there was no showing that granting relief was in S.J.'s best interests, given her close relationship with her foster parents. Minor's counsel joined in these arguments, emphasizing S.J.'s lengthy placement with her foster parents and her need for permanency.

3

Mother's counsel argued in favor of a prima facie finding, contending that although the mother had been supportive of the foster parents' adoption of S.J., she now wanted to have S.J. placed with her and Elena in Alice's home. Alice's counsel asserted that her client's separation from Michael constituted a changed circumstance, that Michael had been the driving force behind the grandparents' unwillingness to seek custody of S.J. earlier and that S.J.'s best interests supported setting an evidentiary hearing.

The court declined to set a hearing, suggesting that the petition did not set forth a meaningful change of circumstances but, concluding that, even if a change of circumstances existed, granting the section 388 petition was not in S.J.'s best interests based on her strong bond with her caregivers and her lack of shared experiences with Elena.

Alice appeals.

DISCUSSION

A party may petition the juvenile court under section 388 to change, modify or set aside a previous order. The petitioning party has the burden of showing, by a preponderance of the evidence, that there is a change of circumstances or new evidence, and that the proposed modification may be in the child's best interests. (§ 388; *In re Jasmon O.* (1994) 8 Cal.4th 398, 415; *In re Amber M.* (2002) 103 Cal.App.4th 681, 685.)

A petitioning party is only required to make a prima facie showing of changed circumstances and best interests to trigger the right to a full hearing on the petition. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310.) However, no hearing is necessary if the petition fails to make this threshold showing. (Cal. Rules of Court, rule 5.570(d); *In re Jamika W.* (1997) 54 Cal.App.4th 1446, 1450-1451.) In determining whether a petition is sufficient,

4

the juvenile court may consider the entire factual and procedural history of the case. (*In re Justice P.* (2004) 123 Cal.App.4th 181, 188-189; see *In re Jamika W. supra,* 54 Cal.App.4th at pp. 1450-1451.) On appeal, we will not reverse the court's decision unless the petitioner establishes an abuse of discretion. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

Alice challenges Judge Oberholtzer's decision to deny her petition without a hearing on several grounds. She contends that he abused his discretion in "essentially overturning the prima facie determination that had already been made" by Judge Bashant. However, Alice failed to object to Judge Oberholtzer's consideration of whether the petition made the requisite prima facie showing, even after his specific inquiry in that regard, and she cannot now be heard to complain about his having done so. (See generally *In re Dakota S.* (2000) 85 Cal.App.4th 494, 502.)

Alice also argues that the court abused its discretion in failing to make a specific finding on whether she had made the requisite showing of changed circumstances. Her argument, however, overlooks that the court was entitled to deny her petition based on its finding regarding S.J.'s best interests, regardless of the adequacy of her showing of changed circumstances. (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; Cal. Rules of Court, rule 5.570(d).)

Finally, Alice argues that the court erred in rejecting the sufficiency of her showing that granting the proposed relief was in S.J.'s best interests. We disagree. S.J. had been in her foster parents' care since she was released from the hospital five days after her birth and, during that time, she became strongly attached to, and bonded with, her foster parents. By contrast, throughout most of the proceedings, Alice and her husband consistently declined the Agency's suggestion that S.J. be placed with them and,

5

although they maintained regular visitation with S.J., the record shows that they did so primarily when the foster parents were also present and that there was minimal interaction between Alice and her granddaughter during those visits. Moreover, Alice presented no evidence that S.J. had a significant familial relationship with either her or Elena.

Under these circumstances, we find that the court acted within its discretion in declining to order an evidentiary hearing on Alice's petition.

DISPOSITION

The order is affirmed.

NARES, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McINTYRE, J.

6